IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Ernest Mendenhall, | ) |
|     Plaintiff | ) |
| vs. | ) No. 4:14-cv-184-RMG |
| Sgt. Christopher Dillard; Warden Tim Riley; A/W Gary Lance; A/W Laura Caldwell; Major James Parrish; Captain Jonthan Nance; Captain Duncan; Lt. Rogers; and Lt. Lindsey, | ) **ORDER** |
|     Defendants. | ) |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that the District Court grant Defendants' motion for summary judgment regarding Plaintiff's claims of excessive force arising under the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983. (Dkt. No. 63). Plaintiff was advised that he could submit written objections to the R & R within 14 days of service of the R & R and a failure to submit written objections would result in limited review by the District Court and waiver of the right to appeal the District Court's order. (Dkt. No. 63-1). No timely written objections were submitted by Plaintiff.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1));

*accord* Fed. R. Civ. P. 72(b). However, as is the case here, where no objections are made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

## II. Discussion

Plaintiff is a prisoner at the Tyger River Correctional Institution, a state facility operated by the South Carolina Department of Corrections. Plaintiff's claim arises out of an incident in which Plaintiff was struck by a security door as it was being closed by one of the Defendants in this action, Sgt. Christopher Dillard. The Magistrate Judge found that there was no evidence that any contact between the door and the prisoner was done "maliciously or sadistically for the very purpose of causing harm" and the medical record demonstrated that "no injury occurred, and no treatment needed." (Dkt. No. 63 at 6).

The Magistrate Judge concluded that the Plaintiff failed to demonstrate the presence of a claim under the Eighth Amendment for excessive force and found no other legal basis for

Plaintiff's claim. (*Id.* at 3-10). The Magistrate Judge recommended that the District Court grant Defendants' motion for summary judgment on all grounds and to dismiss this action with prejudice against all Defendants. (*Id.* at 10). Plaintiff filed no objections to the R & R.

The Court has carefully reviewed the record in this matter and the R & R and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 63) as the order of this Court. Accordingly, this action is **DISMISSED WITH PREJUDICE.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

March 5, 2015
Charleston, South Carolina