# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Ernest Mendenhall, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 4:14-cv-184-RMG |
| vs. ) | |
| ) | **ORDER** |
| Sgt. Christopher Dillard; Warden Tim ) | |
| Riley; A/W Gary Lance; A/W Laura ) | |
| Caldwell; Major James Parrish; Captain ) | |
| Jonthan Nance; Captain Duncan; Lt. ) | |
| Rogers; and Lt. Lindsey, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that the District Court grant Defendants' motion for summary judgment regarding Plaintiff's claims of excessive force arising under the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983. (Dkt. No. 63). Plaintiff was advised that he could submit written objections to the R & R within 14 days of service of the R & R and a failure to submit written objections would result in limited review by the District Court and waiver of the right to appeal the District Court's order. (Dkt. No. 63-1). Petitioner filed written objections to the R & R that were received by the Court on March 12, 2015. (Dkt. No. 71). Upon consideration of Petitioner's objections, the Court now withdraws its prior order and files this order in its place.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a

de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). However, where no objections are made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to portions of the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

## II. Discussion

Plaintiff is a prisoner at the Tyger River Correctional Institution, a state facility operated by the South Carolina Department of Corrections. Plaintiff's claim arises out of an incident in

-2-

which Plaintiff was struck by a security door as it was being closed by one of the Defendants in this action, Sgt. Christopher Dillard. The Magistrate Judge found that there was no evidence that any contact between the door and the prisoner was done "maliciously or sadistically for the very purpose of causing harm" and the medical record demonstrated that "no injury occurred, and no treatment needed." (Dkt. No. 63 at 6).

The Magistrate Judge concluded that the Plaintiff failed to demonstrate the presence of a claim under the Eighth Amendment for excessive force and found no other legal basis for Plaintiff's claim. (*Id.* at 3-10). The Magistrate Judge recommended that the District Court grant Defendants' motion for summary judgment on all grounds and to dismiss this action with prejudice against all Defendants. (*Id.* at 10).

Plaintiff objects that "striking Plaintiff with a door is outside of policy and is excessive force which was done for retaliation because Plaintiff was not obeying his commands," that the supervisors at the prison should be considered liable for not using their authority to protect Plaintiff from alleged harassment, and that qualified immunity is not available to Defendants The Court declines to adopt the reasoning in the objections; each of these issues has been treated carefully in the R & R. Plaintiff has not shown a dispute of material fact as to whether the supervisors he named as defendants met the factors of actual or constructive knowledge articulated in the R & R (Dkt. No. 63 at 7-8); that the incident complained of was the result of any intentional action by the officer; or that a constitutional violation took place sufficient to bar Defendants' qualified immunity.

The Court has carefully reviewed the record in this matter and the R & R and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and

Recommendation (Dkt. No. 63) as the order of this Court. Accordingly, this action is

**DISMISSED WITH PREJUDICE.**

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

March 13, 2015
Charleston, South Carolina